**Affirmed and Opinion Filed December 29, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-00065-CR

**TISHAWN JAHMAI HELTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F17-76320-I**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Pedersen, III

A jury found appellant Tishawn Jahmai Helton guilty of aggravated sexual assault of a child under fourteen years of age. The trial court assessed his punishment, when enhanced by a prior felony conviction, at forty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In a single issue, appellant contends the evidence is insufficient to support his conviction. In a cross-point, the State asks us to modify the judgment to correct a number of clerical errors. As modified, we affirm the trial court's judgment.

**Background**

The mother of ten-year-old T.S. brought her daughter to Children's Medical Center because the child was experiencing vaginal pain and bleeding. T.S. told her mother that she had hurt herself in a bathroom fall that caused her to do "the splits." Hospital personnel found that T.S. had experienced a three-centimeter tear from her vaginal area to her anus, and it was surgically repaired. However, while T.S. was still sedated following the surgery, Suzanne Dakil, M.D., a specialist in child abuse pediatrics, was asked to examine T.S. Dr. Dakil observed the tear; she also conducted an internal examination and observed a laceration to T.S.'s vaginal wall. She concluded that the child's injuries were consistent with a penetrating injury, i.e., "something that is actually penetrating into the genital structures" rather than the type of injury reported by T.S.'s mother. On a follow-up visit, Dr. Dakil observed a "complete transection of [T.S.'s] hymen." At this appointment, T.S. also tested positive for genital gonorrhea, which could have been contracted only by vaginal contact.

T.S. was seen three times by Carrie Paschall, a forensic interviewer at the Dallas Children's Advocacy Center. The first time, T.S. repeated the "splits" explanation for her injury; when asked about appellant, she "shut down." After this interview, T.S. and her siblings were placed in foster care. During the second visit T.S. cried, sat under a chair, and refused to answer any questions.

Soon after, T.S. and her sister moved in with their biological father and step-mother, and T.S. gave her step-mother a different explanation of her injury. T.S. said that she had been left alone with appellant that day. He made her undress, got on top of her, and forced his penis inside her. She began bleeding, and appellant had her get into the bathtub. When her mother returned, the bleeding had not stopped. Despite a second turn in the tub with cold water, T.S. continued to bleed, and her mother took her to the emergency room at Children's.

Following this outcry, T.S.'s step-mother brought her back to the advocacy center. T.S. was initially reluctant to talk about the incident, but she wrote down what had happened with appellant. She was "very, very emotionally distressed," but was eventually able to talk about the incident and give more details to Ms. Paschall. T.S. testified to details of the incident at trial; her testimony was consistent with the outcry and third forensic interview.

Detective Corey Foreman, of the Dallas Police Department's child abuse unit, observed the third interview and concluded that probable cause existed for an arrest warrant. Appellant was ultimately arrested and charged with aggravated sexual abuse of a child under fourteen. He was tried, found guilty, and sentenced to forty-five years in prison. This appeal followed.

**Sufficiency of the Evidence**

Appellant contends that the evidence was insufficient to support the jury's verdict that he was the person who assaulted T.S. He testified that T.S. was injured

while he was at work, and he denied assaulting her. He contends further that the evidence of T.S.'s injury "proved that if anything, [he] contacted her anus—not her sexual organ" as the indictment charged.

To evaluate the sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). Our duty is to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged. *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012).

The indictment charged that appellant:

on or about the 16th day of July, 2017 in the County of Dallas, State of Texas, did unlawfully then and there intentionally and knowingly cause the contact of the female sexual organ of [T.S.], a child, who was not then the spouse of the defendant, by an object, to-wit: the sexual organ of defendant, and at the time of the offense, the child was younger than fourteen years of age.

*See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (a)(2)(B) (person commits offense if, regardless of whether he knows age of child at time of offense, he intentionally or knowingly causes sexual organ of child to contact or penetrate sexual organ of another person, including actor, and victim is younger than fourteen years of age).

Appellant testified that he never assaulted T.S. and that he was not present with her when she was injured. But T.S. testified that appellant was her assailant in

–4–

the hotel where the family was staying. In addition, T.S.'s step-mother testified to her outcry, and Paschall testified to her forensic interviews. The issue was fundamentally one of credibility. The jury is the sole judge of the credibility and weight to attach to witness testimony. *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). The verdict establishes that the jurors believed T.S. rather than appellant. And the testimony of a child victim is sufficient by itself to support a conviction for sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a). We may not substitute our judgment for that of the jurors. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Appellant also argues that even if he committed offensive conduct, it was not the conduct charged by the indictment. In this instance appellant relies upon certain language in Detective Foreman's arrest warrant affidavit, which stated that appellant "told [T.S.] to take off her pants. When she didn't, [appellant] pulled her pants and panties down to her ankles and forced his pee (penis) into her butt (anus)."[1] However, in the same affidavit, the detective states that T.S.'s mother took her to the emergency room "because she was bleeding extensively from her vagina." The affidavit goes on to include the medical findings that T.S. "was found to have a

---

[1] Here, we are quoting from the affidavit. The detective did not indicate that this was a direct quote from T.S.

penetrating vaginal injury that required surgical repair" and that her "vagina had a 3cm tear." Dr. Dakil also testified at length to the vaginal nature of the injury.

Moreover, at trial T.S. testified that, although appellant tried to put his "middle part" in her "butt," he did not, because she kept moving. He was able to penetrate "another part." T.S. didn't know what that "part" was called, but that was where she was bleeding. We will not penalize a child victim for lacking an adult's vocabulary: we conclude that T.S. was identifying her sexual organ.

Considering the evidence in the light most favorable to the verdict, we conclude that a rational juror could have found beyond a reasonable doubt that appellant committed aggravated sexual assault of T.S. in the manner the indictment alleged, i.e., by causing her sexual organ to contact his sexual organ. *See Acosta*, 429 S.W.3d at 624–25. On this question as well, T.S.'s testimony is sufficient to support appellant's conviction. *See* CRIM. PROC. art. 38.07(a).

We overrule appellant's single issue.

### Modifying the Judgment

In its cross-point, the State asks us to modify the judgment to correct multiple inaccuracies, including the name of the State's lead attorney at trial, the penal code section under which appellant was indicted, and the presence of an enhancement plea and ruling. Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc, so long as the evidence necessary to correct the judgment appears in the record. *See Bigley v. State*, 865 S.W.2d 26,

27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We grant the State's cross-point and modify each of these three errors:

- The judgment states that Bryan Mitchell represented the State at trial, but the record reflects that the lead attorney for the State was James Worley. We modify the judgment to show the "Attorney for State" was James Worley.

- The judgment states that appellant was indicted and convicted for an offense under section 21.02 of the penal code, but aggravated sexual assault of a child falls under section 22.021 of that code. We modify the judgment to show that the "Statute for Offense" was 22.021 Penal Code.

- The judgment states N/A in all sections referring to enhancement allegations. However, the record establishes that appellant made a plea of true to one enhancement allegation and the trial court found that allegation true. We modify the judgment to show that the "Plea to 1st Enhancement Paragraph" was true, and the "Finding on 1st Enhancement Paragraph" was true.

**Conclusion**

As modified, we affirm the trial court's judgment.

190065f.u05

Do Not Publish
TEX. R. APP. P. 47

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

–7–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TISHAWN JAHMAI HELTON,
Appellant

No. 05-19-00065-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 2, Dallas County, Texas
Trial Court Cause No. F-1776320-I.
Opinion delivered by Justice
Pedersen, III. Justices Myers and
Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

- The "Attorney for State" was James Worley.

- The "Statute for Offense" was 22.021 Penal Code.

- The "Plea to 1st Enhancement Paragraph" was true, and the "Finding on 1st Enhancement Paragraph" was true.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 29th day of December, 2020.